*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                                                 *(609) 858-9351*
*Chief Bankruptcy Judge*


## LETTER DECISION

April 29, 2016


David C. Dreifuss, Esquire
Dreifuss Bonacci & Parker, PC
26 Columbia Turnpike
*North Entrance*
Florham Park, New Jersey 07932

Harry M. Gutfleish, Esquire
Goldman, Davis & Gutfleish, P.C.
Three University Plaza
PO Box 568
Hackensack, New Jersey 07602-0568

                                            Re:    Stefanie McKenna – Case No. 15-22697

                                                   RLI Insurance Company vs.
                                                   Stefanie McKenna, Roger A. Martin and
                                                   Roger A. Martin, Jr.
                                                   Adversary No. 15-2302

                                                   Motion Imposing Sanctions (Document #20)
                                                   Hearing Date:  April 5, 2016

Dear Counsel:

      On April 5, 2016, the court reserved decision on the motion for sanctions filed by Roger Martin and Roger Martin, Jr. The following is the court's findings of fact and conclusions of law.

      The underlying conflict in this matter concerns the alleged fraudulent transfer by the Debtor, Stephanie McKenna, of real property located at 8 Noreen Lane, Wayne, NJ to her father and brother Roger Martin and Roger Martin, Jr. for $1. In October 2012, RLI filed a complaint in the District Court for the District of New Jersey against Stephanie McKenna. RLI later amended

its complaint to include a cause of action for fraudulent transfer against Stephanie McKenna, Roger Martin, and Roger Martin, Jr. The Martins filed a late answer to the amended complaint and RLI moved to strike their answer. Before that motion was decided, Stephanie McKenna filed a bankruptcy petition on July 7, 2015. The Martins then argued in their papers to Judge Sheridan that the fraudulent transfer claim against them was stayed by 11 U.S.C. § 362 because the fraudulent transfer claim was property of Stephanie McKenna's bankruptcy estate. RLI filed reply papers arguing that until a fraudulent transfer claim is determined and the property returned to the bankruptcy estate, the cause of action itself is not property of the bankruptcy estate. Judge Sheridan reserved decision, and then entered an order on August 4, 2015. That order provided that "pursuant to 11 U.S.C. § 362, the matter regarding the fraudulent conveyance of the Property be referred to the United States Bankruptcy Court in conjunction with the Chapter 7 bankruptcy claim filed by Stephanie McKenna before that court …." The order then administratively terminated the case pending before Judge Sheridan "pending resolution of the bankruptcy proceeding."

The court will briefly review some of the relevant history before the bankruptcy court. As a result of Judge Sheridan's order, the bankruptcy court's clerk's office opened an adversary proceeding [case no. 15-2108] and scheduled a status conference. In response to a letter from RLI's counsel, Paul McCormick, seeking guidance on how to proceed at the upcoming status conference, the court reviewed the docket in that case and then consulted with Judge Sheridan. The court then sent Mr. McCormick an email that stated: "Judge Sheridan's order of August 4, 2015 administratively terminated the matter pending in the district court [Civil Action No. 12-cv-06406] to allow the fraudulent transfer issue be handled as part of the Stephanie McKenna's bankruptcy case. Judge Sheridan's chambers has clarified that he did not intend to refer the complaint that was pending in the District Court to this court. Therefore, the court will administratively close Adversary No. 15-2108 because it was opened in error."[1]

At a status conference in the Chapter 7 trustee's adversary proceeding held on January 19, 2016, the court again explained to RLI's counsel that the District Court case had not been transferred to this court, but rather administratively terminated by Judge Sheridan to allow the Chapter 7 trustee to pursue a fraudulent transfer action as part of Stephanie McKenna's bankruptcy case. The court stated that to the extent that RLI believed it had a security interest in the fraudulent transfer action that issue could be resolved in the Trustee's complaint. The court then explained that RLI was incorrectly interpreting Judge Sheridan's order and because the District Court case had not been transferred to this court, RLI's rights were not prejudiced by the closing of 15-2108. The court stated that it could not prevent RLI from filing a motion to reinstate 15-2108, but strongly discouraged it because all of the relevant issues can and should be resolved in the Trustee's complaint. Heedless of what was explained to him at the status conference, Mr. McCormick sent a letter to the court again stating that the District Court case had been transferred to the bankruptcy court and demanding that this court enter certain orders and that the other parties stipulate to his demands and threatening to file a motion to reinstate the closed case if his demands were not met. RLI then followed through on its "threat" to file a motion to reinstate. The court denied the motion, and once again explained to RLI's counsel that

---

[1] Mr. McCormick informed chambers that he did not receive the court's December 21, 2015 email, so the court resent the email to him on January 8, 2016.

2

15-2108 had been opened in error and that there was no lawsuit for RLI to transfer to the Trustee. At that hearing, the court stated:

> The basis for RLI's request to have the case reinstated is the belief that its rights might be impaired by the dismissal because the trustee may need the benefit of an assignment because RLI's action "was clearly timely." RLI contends that if it had an assurance that the trustee's cause of action is timely then RLI could withdraw its complaint. Despite the fact that RLI is essentially asking this court for a determination that the trustee's complaint it timely, not once in a 9 page brief did RLI even mention the statute of limitations that apply to a fraudulent transfer action. There is zero indication in the motion as to why RLI might even possibly be under the impression that its complaint in the District Court was timely filed, but the trustee's complaint might not have been. It is not acceptable for RLI to demand assurances from other parties, and this court, when it has not set forth a well-founded belief, grounded in the law, as to why there might be a question as to the timeliness of the Trustee's complaint. Threats to not withdraw a complaint or to oppose a motion because you did not get the assurances you improperly demanded is not how law should be practiced in the federal courts.

*Oral opinion on Motion to Restore* (4/5/16)

This motion for sanctions arises in RLI's adversary proceeding 15-2302 that was filed on October 16, 2015 against Stephanie McKenna. RLI filed an amended complaint on February 1, 2016, to add the Martins as defendants.[2] On February 19, 2016, the Martins filed a motion to dismiss the amended complaint. On the same date, the Martins' counsel served RLI's counsel with its proposed motion for sanctions as required by Rule 9011 of the Federal Rules of Civil Procedure. When the amended complaint had not been withdrawn within the 21-day "safe harbor period," the Martins filed their motion for sanctions with the court. By filing the amended complaint, RLI was certifying under Rule 9011(b)(2) that to the best of its knowledge "formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for extension, modification, or reversal of existing law or the establishment of new law."

The Martins sought dismissal of the amended complaint on three grounds: 1) that the bankruptcy court lacks subject matter jurisdiction to determine RLI's claims; 2) that RLI lacks standing to pursue the claims asserted against the Martins; and 3) failure to comply with Fed. R. Bankr. P. 7021. In its opposition to the motion to dismiss, RLI stated that "the issue of this Court's jurisdiction over RLI's claims against the Martins was already argued and decided by Judge Sheridan." That statement might be defensible if Judge Sheridan had transferred his case to this court; he did not. RLI's steadfast refusal to believe that the case was not transferred does not make it true. Nor does it make it a reasonable argument for why the bankruptcy court would have subject matter jurisdiction. RLI's only other argument for why this court might have jurisdiction over a case between two non-debtors is that the Martins should be judicially estopped from arguing that this court does not have jurisdiction over RLI's claims. RLI's attempt

---

[2] RLI filed its amended complaint after the Trustee filed her fraudulent transfer complaint against the Martins, and after RLI had the benefit of this court's explanations in the January 8, 2016 email and at the January 16, 2016 status conference that the District Court case had not been transferred to this court.

to rely on that doctrine demonstrates that it misunderstands the nature of the arguments both here and before the District Court. The issue before Judge Sheridan was whether the automatic stay that arises by virtue of 11 U.S.C. § 362 prevented the matter from going forward in the District Court. The Martins argued that the fraudulent conveyance cause of action was property of the bankruptcy estate and therefore was subject to the automatic stay. Judge Sheridan apparently agreed because he cited § 362 in his order administratively terminating the matter pending before him. Judge Sheridan was not, and could not have been, deciding the issue of whether the bankruptcy court might have jurisdiction over a future case that might be filed by RLI against the Martins. Because the issues are different, judicial estoppel is inapplicable.

As to the Martins' argument that RLI lacks standing to pursue the claims asserted against the Martins, RLI argues that it has priority over the trustee's claims by virtue of the pre-petition lis pendes it filed as well as a UCC-1. That argument ignores the crucial fact that this court had informed RLI at the status conference on January 19th that the issue of priority and standing to pursue the cause of action was to be addressed in the Trustee's complaint. The Trustee's motion to amend her complaint to include a cause of action seeking to determine RLI's priority over the cause of action had been filed earlier that same day. So, when RLI filed its amended complaint on February 1 it was well aware that the court intended to consider the priority and standing issue as part of the Trustee's pending complaint.

As to the Martins final argument for dismissal, that RLI did not comply with Fed. R. Bankr. P. 7021, the court sides with RLI. It is reasonable to believe that RLI's counsel thought the amended complaint was governed by Fed. R. Civ. P. 15, and that its actions were in accordance with that rule. Sanctions should not be imposed because a court disagrees with a party's position, they should only be imposed when there is no well-founded legal basis for the position being taken.

That being said, the court finds that grounds exist to impose sanctions under Rule 11. First, the court finds that RLI violated Rule 9011(b)(2) because it did not have a well-founded legal basis to believe that this court had subject matter jurisdiction over the amended complaint. Judge Sheridan's order was not entirely clear, and if the court was writing on a blank slate it would not impose sanctions on RLI for thinking that the District Court complaint had been transferred here. What rises to the level of sanctionable conduct, however, is RLI's refusal to accept this court's explanation of that order.[3] Second, the court finds that RLI violated Rule 9011(b)(1) because this court had already stated that it intended to consider all of RLI's arguments regarding priority and standing in the pending adversary brought by the Trustee. RLI's filing of an independent adversary proceeding alleging the same things as the Trustee needlessly increased the cost of the litigation. Given this ruling, the court does not need to consider the alternative grounds for sanctions.[4]

---

[3] The court accepts Mr. McCormick's certified statement that he did not receive the first email, but that does not explain his failure to give credence to this court's explanation to him at the status conference on January 19, 2006. The same explanation was given to David Dreifuss on April 5th who stated that it was the first time he was hearing an explanation of the meaning of Judge Sheridan's order. The court noted that it was not the first time that explanation was given, it was given to Mr. McCormick.

[4] In case of an appeal, the court reserves its right to also rule on the alternative ground of 28 U.S.C. 1927.

4

The thread running throughout all of RLI's arguments is that it was forced to take the actions it did because of its concern that this court's "summary administrative closure" of 15-2108 meant that its rights might be compromised because the Trustee's action might not be timely. The court will incorporate into this record what it said at the hearing on April 5th, which was that RLI did not have any well-founded legal basis to believe that the Trustee's complaint was not timely filed.

Counsel for the Martins should submit a certification of services related to seeking dismissal of the amended complaint.

>*/s/ Kathryn C. Ferguson*
>KATHRYN C. FERGUSON
>US Bankruptcy Judge